# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERNEST J. PAGELS, Jr.**

    **Plaintiff,**

    v.                                            **Case No. 12-CV-225**

**JUDGE P.J. NEUBAUER,**

    **Defendant.**

## DECISION AND ORDER DISMISSING CASE

On March 6, 2012, the Plaintiff, Ernest J. Pagels, Jr. ("Pagels"), filed this action against Judge Lisa S. Neubauer of the Wisconsin Court of Appeals, alleging Judge Neubauer violated his Sixth and Fourteenth Amendment rights, specifically alleging Judge Neubauer violated Pagels' right to represent himself by forcing him to accept a Wisconsin State Public Defender in his appeal. (Docket # 1 at 2-4.) Pagels requests this Court order Judge Neubauer and the Waukesha County Circuit Court judges "to stop violating [his] U.S. Constitutional Rights to represent myself." (*Id.* at 4.) For the reasons stated below, Pagels' complaint is dismissed for failure to state a claim on which relief may be granted.

### ANALYSIS

District courts have the authority to "screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778 (7th Cir. 1999); *see also* 28 U.S.C. § 1915(e)(2). As such, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss a case

at any time (including before the defendant is served) if the court determines that the action fails to state a claim on which relief may be granted.

The standard for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. A complaint should also be dismissed if it fails to include sufficient facts to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); in other words, dismissal is appropriate if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007).

Pagels seeks to enjoin Judge Neubauer from forcing him to accept a public defender and violating his Sixth Amendment right to self-representation. A review of the Wisconsin Court of Appeals' decisions, attached to Pagels' complaint, show that the court of appeals is not "forcing" Pagels to accept a public defender. Rather, the court of appeals noted that appointed appellate counsel simply sent a letter to the circuit court stating that Pagels wished to proceed *pro se* and that the State Public Defender closed its file. (Docket # 1-1 at 1.) The court of appeals questioned whether the proper procedure was followed pursuant to Wis. Stat. § 809.30 for withdrawal of appointed counsel and ordered the State Public Defender to state its position. (*Id.* at 2.) The State Public Defender responded by advising the court of appeals that the proper procedures were not followed; thus, successor counsel for Pagels would be appointed. (*Id.* at 4.)

While the court of appeals agreed that the State Public Defender must resume its representation of Pagels, the court of appeals further stated that "[i]f Ernest J.P. wishes to discharge counsel appointed by the State Public Defender, he must seek such relief in this court under Wis. Stat. Rule 809.30(4)(a)." (*Id.*) However, the court of appeals noted that Pagels "may not seek such relief in this court until the State Public Defender appoints new counsel for him." (*Id.*)

The exhibits to the complaint clearly show Pagels is not being denied the right to represent himself. Rather, the court of appeals is simply informing Pagels he must follow the proper procedure for withdrawal of appointed counsel outlined in Wis. Stat. § 809.30(4)(a).

Thus, Pagels' complaint must be dismissed for failure to state a claim on which relief may be granted. The facts alleged in Pagels' complaint, along with the attached exhibits, shows that Pagels' claim for relief is not plausible on its face. *See Iqbal*, 129 S. Ct. at 1949. The facts represented in the exhibits to the complaint contradict Pagels' claim that his Sixth Amendment rights are being violated. As such, Pagels' complaint fails.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the complaint is **DISMISSED** for failure to state a claim on which relief may be granted. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of March, 2012.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

- 3 -

Case 2:12-cv-00225-NJ   Filed 03/14/12   Page 3 of 3   Document 3